AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York



| | |
|---|---|
| United States of America<br>v.<br>Torin Jonathan Finver<br>*Defendant* | Case No.  18-mj-5282 |

## AMENDED CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of November 21, 2018, in the County of Erie, in the Western District of New York, the defendant did knowingly and intentionally import into the United States, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

FRANCIS ZABAWA
Special Agent
Homeland Security Investigations

*Printed name and title*

Sworn to before me and signed in my presence.

Date:  May 16, 2019

*Judge's signature*

City and State:  Buffalo, New York

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK      )
COUNTY OF ERIE         )   SS:
CITY OF BUFFALO        )

**Francis Zabawa**, being duly sworn, deposes and states:

1. I am a Special Agent with Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the HSI Buffalo Border Enforcement Security Task Force (BEST), within the Department of Homeland Security. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516 as well as to conduct investigations and to make arrests for offenses enumerated in Title 21.

2. I have been employed as a Special Agent with HSI since July 2007. Prior to my appointment with HSI, I served as a Marine Interdiction Agent with the United States Customs and Border Protection ("CBP") from June 2004 through July 2007. During my tenure with both HSI and CBP, I have participated in numerous narcotics investigations during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers and money launderers. Through my training, education, and experience (including debriefing cooperating drug traffickers and money launderers, monitoring wiretapped conversations of

drug traffickers and money launderers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking and money laundering), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the various ways drug money is laundered, and the efforts of persons involved in such activities to avoid detection by law enforcement. My investigative experience detailed herein, as well as the experience of other law enforcement agents who are participating in this investigation, and information provided to me by cooperating sources, serve as the basis for the opinions and conclusions set forth herein.

3. During my law enforcement career, I have participated in numerous cases involving the distribution of narcotics. I have participated in successful investigations into illicit drug distribution networks. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking and how drug traffickers use their persons and personal property to facilitate their illegal activities.

4. Your affiant is submitting this affidavit in support of a criminal complaint charging TORIN FINVER with violating Title 21, United States Code, Section 952 (Importation of a Controlled Substance).

5. I am familiar with all aspects of this investigation as a result of my participation in this investigation, as well as conversations with other law enforcement officers, and review of documents and records obtained by HSI Agents, CBP officers, United States Postal Inspection Service ("USPIS"), Erie County Sheriff's Office ("ECSO"), the New York State

Police ("NYSP"), and other local Police Departments. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts I believe are necessary to establish the required foundation for the requested criminal complaint.

## PROBABLE CAUSE

6.  On Wednesday, November 21, 2018, U.S. Customs and Border Protection Officers intercepted a padded mailer, addressed to **"T Finver 5202 Columbia Ave Hamburg NY 14075,"** to which a CBP K-9 had alerted. The parcel was from Germany and a check of law enforcement databases revealed that the sender information is fictitious. Specifically, the sender (Hollywood Pet Accessories) could not be associated with the listed return address of 6826 Rhea Avenue, Reseda, CA 91335-4001. The parcel contained 3 grams of a white powdery substance, which field-tested positive for cocaine.

7.  On or about December 10, 2018, during review of incoming mail in Rochester, New York, Postal Inspectors located a U.S. Postal Service Priority Mail Parcel bearing tracking number **9405 5368 9784 6593 3598 06** (hereinafter **subject parcel-1**) addressed to **T Finver 5202 Columbia Ave Hamburg NY 14075-5707.** This parcel shared characteristics associated with packages containing narcotics, including excessively taped seals, a prepaid shipping label from EasyPost, and was inbound from California, a known source location for the distribution of narcotics. A K-9 sniff of **subject parcel-1** resulted in a positive alert, indicating that the K-9 detected the odor of a controlled substance that he has been trained to

3

detect. U.S. Postal Inspector Joshua Burch then applied for and obtained a federal search and seizure warrant for **subject parcel-1**.

8.  On December 12, 2018 Postal Inspector Burch and your affiant executed the federal search and seizure warrant on **subject parcel-1**. Search of **subject parcel-1** resulted in the discovery of 3 small envelopes that contained a brown rock-like substance that field tested positive for heroin utilizing the Thermo Scientific TruNarc analyzer. Heroin is listed as a DEA schedule I controlled substance, and is illegal to import, possess and distribute.

9.  On or about December 12, 2018, during review of incoming mail in Rochester, NY, Postal Inspectors located a U.S. Postal Service Priority Mail Parcel bearing tracking number **9470 1368 9784 6596 2324 85** (hereinafter **"subject parcel-2"**) addressed to **T Finver 5202 Columbia Ave Hamburg, NY 14075-5707**. This parcel also shared characteristics known to be associated with packages containing narcotics, as it has excessively taped seals, a prepaid shipping label from EasyPost, and was also inbound from California a known source location for the distribution of narcotics. A K-9 sniff of **subject parcel-2** resulted in a positive alert, indicating that the K-9 detected the odor of a controlled substance that he has been trained to detect. U.S. Postal Inspector Joshua Burch then applied for and obtained a federal search and seizure warrant for **subject parcel-2**.

10.  On December 14, 2018, Postal Inspectors executed the Federal search and seizure warrant on **subject parcel-2.** Search of **subject parcel-2** resulted in the discovery of approximately 5 grams of a white powdery substance. Postal inspectors advised due to their

training and experience that this white powdery substance appeared to be cocaine which is a DEA schedule II-controlled substance.

11.     On December 15, 2018, during review of incoming mail in Hamburg, NY, Postal Inspectors located a U.S. Postal Service Priority Mail Parcel bearing tracking number **9405 5368 9784 6603 6321 58** (hereinafter **"subject parcel-3"**) addressed to **T Finver 5202 Columbia Ave Hamburg, NY 14075-5707.** This parcel also shared characteristics known to be associated with packages containing narcotics, as it has excessively taped seals, a prepaid shipping label from EasyPost, and was also inbound from California a known source location for the distribution of narcotics. **Subject parcel-3** is in the custody of law enforcement.

12.     On December 17, 2018, your affiant applied for a Federal search and seizure warrant for Torin FINVER's residence, 5202 Columbia Ave. Hamburg, NY which was authorized by the Honoroable Michael J. Roemer, U. S. Magistrate Judge in the Western District of New York.

13.     At approximately 2:15 p.m., law enforcement arranged for a controlled delivery of **subject parcel-1**. Prior to the controlled delivery, law enforcement replaced the **heroin** that was seized from the parcel pursuant to the Federal search and seizure warrant and replaced it with an uncontrolled substance of similar weight and dimensions.

14.     At approximately 2:32 p.m., U.S. Postal Inspector Joshua Burch acting in an undercover capacity delivered **subject parcel-1** and other mail addressed to Torin FINVER

to 5202 Columbia Ave. Hamburg, NY 14075. After knocking on the front door of the residence U.S. Postal Inspector Burch encountered a white male subject subsequently identified as Torin FINVER. FINVER took **subject parcel-1** and the other mail into the residence.

15.     At approximately 2:36 p.m., law enforcement officers executed the Federal search and seizure warrant at 5202 Columbia Ave. Hamburg, NY. After securing the premises, agents asked FINVER if he would answer agent's questions regarding **subject parcel-1**.

16.     Miranda warnings were administered to FINVER, who said that he understood those rights and was willing to waive those rights and speak with law enforcement officers. FINVER stated the following in sum and substance. FINVER has been ordering "darkweb" packages of heroin and cocaine from the Dream Market marketplace. FINVER has ordered controlled substances from the darkweb seven times in the last two months. He uses Bitcoin to pay for the narcotics packages. In ordering controlled substances from the darkweb, FINVER chose vendors that received good feedback in the comments section on Dream Market and knows that some of the vendors that he ordered controlled substances from were shipping packages internationally as well as within the United States. FINVER would snort the heroin and cocaine and has a box of synthetic urine in the basement that he used to pass required weekly drug tests.

17.     At approximately 3:06 p.m., FINVER gave law enforcement officers verbal consent to search **subject parcel-3** which resulted in the discovery of shrink wrapped package containing approximately 2 grams of a white chunky substance. The white chunky substance field tested positive for cocaine which is a DEA schedule II-controlled substance.

18.     Based upon the foregoing, it is respectfully submitted that there is probable cause to believe that TORIN FINVER did knowingly, intentionally, and unlawfully violate Title 21, United States Code, Section 952.

_____
Francis Zabawa
Special Agent
Homeland Security Investigations

Subscribed and sworn to before
me this 16th day of May 2019

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge