UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                             *Plaintiff,*

           vs.

TORIN J. FINVER,

                         *Defendant.*

_____

**NOTICE OF MOTION FOR
RELEASE PENDING SENTENCING**

Case No:  19-CR-00243-WMS-1

S I R S :

        PLEASE TAKE NOTICE that upon the annexed affidavit of BARRY NELSON COVERT, ESQ., the undersigned moves this Court for an order releasing the defendant on conditions of release pending sentencing consistent with the request contained in the affidavit annexed hereto and made a part hereof together with such other and further relief as to this court may seem just and proper.

DATED:      Buffalo, New York
             April 2, 2020

                                Respectfully submitted,

                                /s/Barry N. Covert
                                BARRY NELSON COVERT, ESQ.
                                LIPSITZ GREEN SCIME CAMBRIA LLP
                                Attorneys for Defendant
                                TORIN J. FINVER
                                42 Delaware Avenue
                                Buffalo, New York 14202
                                (716) 849-1333
                                bcovert@lglaw.com

TO:        JOSHUA A. VIOLANTI, ESQ.
            ASSISTANT UNITED STATES ATTORNEY
            138 Delaware Avenue
             Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              *Plaintiff,*

            vs.

TORIN J. FINVER,

                              *Defendant.*

---

**AFFIDAVIT OF BARRY
NELSON COVERT, ESQ.
IN SUPPORT OF MOTION
FOR DEFENDANT'S
RELEASE PENDING
SENTENCING**

Case No:  19-CR-00243-WMS-1

STATE OF NEW YORK    )
COUNTY OF ERIE       )    ss.:
CITY OF BUFFALO      )

Barry Nelson Covert, being duly sworn, hereby deposes and states:

1.      I am an attorney at law duly licensed to practice in the State of New York.  I am a senior partner with Lipsitz Green Scime Cambria LLP and I represent the defendant, TORIN J. FINVER ("Dr. Finver" or "Defendant").  We hereby file this affidavit in support of Dr. Finver's Motion for Defendant's Release Pending Sentencing.

2.      On January 17, 2020, Dr. Finver appeared before this Court, waived indictment, and entered a plea of guilty to one count of 21 U.S.C. 952(a), importation of controlled substances. Dr. Finver was released with strict monitoring and counseling conditions.

3.      On February 4, 2020, Dr. Finver was remanded into custody.  Defense counsel did not dispute detention at that time.  (*See* Dkt. No. 62.)

4.      If released, Mr. Finver would reside at 5202 Columbia Avenue, Hamburg, New York 14075. The Court could set conditions relating to home confinement pending his sentencing.

5.      The strain of COVID-19 which has spread rapidly across the world and throughout New York State warrants consideration when determining if Dr. Finver should be detained pending sentencing.  Dr. Finver is a non-violent offender who has a stable residence.  There are conditions which exist to ensure the safety of the community as well as to eliminate any risk of flight.  As a consequence, your deponent requests that this Court issue an order releasing Dr. Finver under any and all conditions it deems appropriate.

6.      Dr. Finver is currently incarcerated in the Niagara County Jail.  As of March 31, 2020, there have been fifty-six confirmed cases in Niagara County, New York.  *See* Press Release, https://www.niagaracounty.com/health/Press-Releases/update-of-march-31-56-covid-19-positives-case-mapping-link-1.  Dr. Finver is assigned to an open "pod" with numerous other inmates.

7.      Dr. Finver's Sentencing Guideline range is 0-6 months.  (*See* Plea Agmt., Dkt. No. 56 at 6.)  During the pendency of this matter, Dr. Finver has been incarcerated for 149 days; almost the full length of his maximum potential sentence.

8.      Furthermore, Dr. Finver suffers from a pre-existing condition; asthma, which places him at greater risk of serious complications should he become infected with COVID-19. (*See* Pre-Trial Services Report.)

9.      In light of Dr. Finver's time already served, Dr. Finver's pre-existing medical condition, and the dangers posed by COVID-19, we respectfully ask that this Court release Dr. Finver pending sentencing.

10.      Under 18 U.S.C. § 3143(a), a judicial officer may release a defendant pending sentencing where there is "clear and convincing evidence that the person is not likely to flee or

pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." *Id.*

11.    This Court should consider the "total harm and benefits to prisoner and society" that continued detention of Dr. Finver will yield, relative to the heightened health risks posed to Dr. Finver during this rapidly encroaching COVID-19 pandemic.  *See United States v. D.W.*, 198 F. Supp. 3d 18, 23 (E.D.N.Y. 2016); *Davis v. Ayala*, 135 S. Ct. 2187, 2209 (2015) (Kennedy, J., concurring) (calling for heightened judicial scrutiny of the projected impact of jail and prison conditions on a defendant); *United States v. Mateo*, 299 F. Supp. 2d 201, 212 (S.D.N.Y. 2004) (reducing sentence where defendant's pretrial conditions were "qualitatively more severe in kind and degree than the prospect of such experiences reasonably foreseeable in the ordinary case"); *United States v. Francis*, 129 F. Supp. 2d 612, 619-20 (S.D.N.Y. 2001) (reducing sentence in acknowledgment of "the qualitatively different, substandard conditions to which the Defendant was subjected" in pretrial detention).

12.    Conditions in detention facilities create the ideal environment for the transmission of contagious disease.[1]  Inmates cycle in and out of prison facilities from all over the local community, county, state and country. The people who work in these facilities leave and return daily, without screening.  Incarcerated people have poorer health than the general population, and even at the best of times, medical care is limited in these facilities.[2]  According to public health experts, incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe," which means

---

[1] Joseph A. Bick, *Infection Control in Jail and Prisons*, 45 Clinical Infectious Diseases 1047 (Oct. 2007), https://doi.org/10.1086/521910
[2] Laura M. Maruschak et al., U.S. Dep't of Just., Bureua of Just. Stat., *Medical Problems of State and Federal Prisoners and Jail Inmates*, 2011-12 (rev. Oct. 2016), https://www.bjs.gov/content/pub/pdf/mpsfpji1112.pdf

"infection control is challenging in these settings."[3] Outbreaks of flu regularly occur in jails, and during the H1N1 epidemic in 2009, many jails and prisons dealt with high numbers of cases.[4] In China, officials have confirmed the coronavirus spreading at a rapid pace in Chinese prisons, counting 500 cases.[5] Even Secretary of State Mike Pompeo has called for Iran to release Americans detained there because of the "deeply troubling" "[r]eports that COVID-19 has spread to Iranian prisons, "noting that "[t]heir detention amid increasingly deteriorating conditions defies basic human decency."[6] Courts across Iran have granted 54,000 inmates furlough as part of measures to contain the coronavirus across the country.[7]

13.     As of March 23, 2020, the new strain of coronavirus, which causes COVID-19, has infected over 354,677 people, leading to at least 15,436 deaths worldwide. On March 11, 2020, the World Health Organization officially classified COVID-19 as a pandemic. Governor Cuomo declared a State of Emergency on March 7, 2020. On March 22, 2020, President Trump approved the Major Disaster Declaration for New York State, the order brings National Guard troops and approximately 1,000 medical beds to New York. City of Buffalo Mayor Brown declared a State of Emergency in Buffalo on March 15, 2020. All gyms, movie theaters and casinos have been closed, with restaurants and bars only operating for takeout and delivery. Starting on March 22,

---

[3] Letter, Achieving a Fair and Effective COVID-19 Response: An Open Letter to Vice- President Mike Pence, and Other Federal, State and Local Leaders from Public Health and Legal Experts in the United States (March 2, 2020), https://law.yale.edu/sites/default/files/area/center/ghjp/documents/final_covid-19_letter_from_public_health_and_legal_experts.pdf

[4] Nicole Wetsman, *Prisons and Jails are Vulnerable to COVID- 19 Outbreaks,* Verge (Mar. 7, 2020), https://www.theverge.com/2020/3/7/21167807/coronavirus-prison-jail-health-poutbreak-covid-19-flu-soap

[5] Rhea Mahbubani, *Chinese Jails have become Hotbeds of Coronavirus as More than 500 Cases have Erupted, Prompting Ouster of Several Officials,* Bus. Insider (Feb21, 2020), https://www.businessinsider.com/500-coronavirus-cases-reported-in-jails-in-china-2020-2

[6] Jennifer Hansler & Kylie Atwood, *Pompeo Calls for Humanitarian Release of Wrongfully Detained Americans in Iran Amid Coronavirus Outbreak,* CNN (Mar. 10, 2020), https://www.cnn.com/2020/03/10/politics/mike-pompeo-iran-release-detained-americans-coronavirus/index.html

[7] Claudia Lauer & Colleen Long, *US Prisons, Jails on Alert for Spread of Coronavirus,* Associated Press (Mar. 7, 2020) , https://apnews.com/af98b0a38aaabedbcb059092db356697

2020, local work forces were completely shut down for non "essential" functions.  As of March

23, 2020, there are 20,875 positive cases in New York State.[8]  There is no end to this virus in sight.

14.     On March 23, 2020, two inmates at the Wende Correctional Facility in Western

New York tested positive for COVID-19.[9]

15.     On March 12, 2020, Magistrate Judge Orenstein denied a remand application,

holding that increasing the population of a detention facility could present a "danger to the

community"—the staff and inmates inside the jail—by potentially bringing the virus into the

facility.  *United States v. Raihan*, 20-CR-68 (BMC) (Mar. 12, 2020).

16.     On March 18, 2020, Unites States District Judge Alison J. Nathan released a

defendant less than two weeks after denying the same request.  Judge Nathan stated: "the

unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic has become

apparent. Although there is not yet a known outbreak among the jail and prison populations,

inmates may be at a heightened risk of contracting COVID-19 should an outbreak develop. See,

e.g., Joseph A. Bick, Infection Control in Jails and Prisons, 45 Clinical Infectious Diseases 1047,

1047 (Oct. 2007), https://doi.org/10.1086/521910 (noting that in jails "[t]he probability of

transmission of potentially pathogenic organisms is increased by crowding, delays in medical

evaluation and treatment, rationed access to soap, water, and clean laundry, [and] insufficient

infection-control expertise"); see also Claudia Lauer & Colleen Long, US Prisons, Jails On Alert

for Spread of Coronavirus, Associated Press (Mar. 7, 2020).

17.     The magnitude of this risk has grown exponentially since the March 6 hearing

before this Court; at the end of the day on March 6, New York State had 44 confirmed cases of

COVID-19, see Andrew Cuomo (@NYGovCuomo), Twitter (Mar. 6, 2020, 4:51 PM),

---

[8] https://www.wkbw.com/news/coronavirus
[9] https://www.wkbw.com/news/local-news/two-inmates-at-wende-correctional-facility-test-positive-for-covid-19

https://twitter.com/NYGovCuomo/status/12360466682 20567553, but by the end of the day on March 18, that number had climbed to 2,382, see Mitch Smith, *et al., Tracking Every Coronavirus case in the U.S.: Full Map,* N.Y. Times, Mar. 18, 2020, https://www.nytimes.com /interactive/2020/us/coronavirus-us-cases.html. In the event of an outbreak at the Niagara County Jail, substantial medical and security challenges would almost certainly arise.

18.     A comprehensive view of the danger Dr. Finver poses to the community requires considering all factors—including this one—on a case-by-case basis. See, e.g., United States v. Raihan, No. 20-cr-68 (BMC) (JO), Dkt. No. 20 at 10:12–19 (E.D.N.Y. Mar. 12, 2020) (deciding to continue a criminal defendant on pretrial release rather than order him remanded to the Metropolitan Detention Center due, in part, to the Magistrate Judge's recognition of the fact that "[t]he more people we crowd into that facility, the more we're increasing the risk to the community")".

19.     Furthermore, effective April 1, 2020, the Unites States Bureau of Prisonsis taking extreme action to mitigate the spread of COVID-19 in response to a growing number of quarantine and isolation cases in its facilities.  For a fourteen-day period, inmates in every institution will be secured in their assigned cells/quarters to decrease the spread of the virus.  *See* BOP Press Release, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp.

20.     Against the backdrop of this global pandemic, Dr. Finver does not present a risk of flight or danger to the community.  To date, he has been incarcerated for 149 days.  His guideline range is 0-6 months.  Dr. Finver is willing to enroll in treatment and comply with any and all conditions set on him by the Court, including but not limited to home confinement.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests that this Court issue an Order releasing him under appropriate bail conditions, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,
/s/Barry Nelson Covert
BARRY NELSON COVERT, ESQ.
LIPSITZ GREEN SCIME CAMBRIA
Attorneys for Defendant, TORIN J. FINVER
42 Delaware Avenue
Buffalo, New York 14202
(716) 849-1333 ext. 365
bcovert@1glaw.com

Subscribed and sworn to before me this
2nd day of April 2020.

/s/Alexander Basinski
Commissioner of Deeds
Qualified in Erie County
My Commission Expires August 6, 2022