UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
19-CR-243S

TORIN JONATHAN FINVER,

                Defendant.

Defendant Torin J. Finver is currently in custody at the Niagara County Jail pending sentencing following his guilty plea on January 17, 2020, to importing controlled substances in violation of 21 U.S.C. §§ 952 (a), for which he faces a statutory maximum sentence of 20 years' imprisonment and an expected Guidelines range of 0 to 6 months' imprisonment. (Plea Agreement, Docket No. 56, ¶¶ 1, 11.)

Presently before this Court is Finver's motion for release pending sentencing premised on the COVID-19 pandemic. Finver maintains that his continued detention puts him at heightened risk to contract COVID-19, which, combined with his asthma, places him at increased risk of serious complications should he contract the disease. He also contends that with 155 days of creditable time in custody, he may over-serve his maximum Guidelines sentence if not released pending his June 24, 2020 sentencing date. He therefore seeks release on conditions pending sentencing. The government opposes Finver's motion.

Finver's custody is governed by 18 U.S.C. § 3143 (a). With certain exceptions, the statute provides that an individual found guilty of an offense and who is awaiting

imposition or execution of sentence be detained, unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.   See 18 U.S.C. § 3143 (a)(1).

But a more stringent standard applies to individuals, like Finver, who have been convicted of certain crimes set forth in 18 U.S.C. § 3142 (f)(1)(A)-(C).[1]  See 18 U.S.C. § 3143 (a)(2).  Those individuals must be detained unless the court finds (1) that there is a substantial likelihood that a motion for acquittal or new trial will be granted, *or* (2) that the government recommends that no sentence of imprisonment be imposed, *and* (3) that clear and convincing evidence establishes that the person is not likely to flee or pose a danger to any other person or the community.  18 U.S.C. § 3143 (a)(2) (emphasis added).

Here, there is no showing, let alone a substantial likelihood, that a motion for acquittal or new trial will be granted or that the government is recommending a non-incarceration sentence.  The threshold requirements for release pending sentence under 18 U.S.C. § 3143 (a)(2) are therefore not met.

But this does not foreclose the possibility of release, because 18 U.S.C. § 3145 (c) provides that "[a] person subject to detention pursuant to section 3143 (a)(2) . . ., and who meets the conditions of release set forth in section 3143 (a)(1) . . ., may be ordered released, under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  In other words, if it is

---

1 Finver's conviction under 21 U.S.C. § 952 (a) carries a maximum term of imprisonment of 20 years and therefore falls under 18 U.S.C. § 3142 (f)(1)(C).

determined by clear and convincing evidence that an individual subject to detention under § 3143 (a)(2) is not likely to flee or pose a danger to the safety of any other person or the community if released, that individual can be released on conditions under § 3145 (c) if it is further determined that there are exceptional reasons why the individual's detention would be inappropriate. Finver may thus be eligible for release if he can demonstrate that he is not a flight risk or a danger to a person or the community and there are exceptional reasons why his continued detention may not be appropriate.

A review of the record reveals that Finver's pretrial and presentence detention has been entirely of his own making. The Magistrate Judge released Finver on conditions at the outset of the case, but Finver soon proved that he would not be compliant. (Docket No. 2.) He first violated his conditions of release in May 2019, resulting in court-ordered drug treatment and a warning that his release would be revoked if he did not abide by his conditions. (Docket No. 13.) Less than two weeks later, Finver violated his conditions again, resulting in remand to custody until June 2019, when he was released to a treatment facility and warned that there would be zero tolerance for future violations. (Docket Nos. 14, 17, 20, 24.)

Several months later, in November 2019, the Magistrate Judge revoked Finver's release and remanded him to custody after Finver was non-compliant with his drug-testing condition and was suspected of being engaged in additional importation of controlled substances. (Docket Nos. 33, 37.) Then, after Finver entered his guilty plea on January 17, 2020, this Court released him on special conditions and under a zero-tolerance policy over the government's objection. (Docket No. 57.) Eleven days later,

Finver tested positive for using controlled substances, which resulted in his uncontested remand. (Docket Nos. 61, 62, 66.)

This history demonstrates that Finver is unable or unwilling to comply with court-ordered release conditions and continues to be involved with controlled substances. This makes him a danger to the community and a flight risk, no matter the seriousness of the COVID-19 crisis. Nothing in Finver's present motion changes the fact that he simply will not abide by any conditions this Court might impose. Thus, even in the face of the very serious COVID-19 outbreak, Finver does not meet the statutory requirements for release pending sentencing. Detention must therefore be maintained, and Finver's motion for release will be denied. Given his time in custody, however, this Court will expedite Finver's sentencing and reschedule it to the earliest date practical after counsel have conferred as directed below.

IT HEREBY IS ORDERED, that Defendant's Motion for Release from Custody (Docket No. 67) is DENIED.

FURTHER, that this Court will EXPEDITE Defendant's sentencing.

FURTHER, that counsel are directed to confer with the assigned probation officer to formulate a proposed expedited sentencing schedule and then advise this Court of the

same, after which this Court will reschedule the sentencing date accordingly.

SO ORDERED.

Dated: April 9, 2020
       Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge